**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 09-4777**

—————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ERME ELISEO PACHECO MAYEN, a/k/a Elmer Garcia, a/k/a Miguel
Abrego, a/k/a Elmer Amaya,

        Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Claude M. Hilton, Senior
District Judge.  (1:09-cr-00176-CMH-1)

—————————

Submitted:  May 27, 2010        Decided:  June 18, 2010

—————————

Before NIEMEYER, DUNCAN, and KEENAN, Circuit Judges.

—————————

Vacated and remanded by unpublished per curiam opinion.

—————————

Michael S. Nachmanoff, Federal Public Defender, Frances H.
Pratt, Kevin R. Brehm, Assistant Federal Public Defenders,
Alexandria, Virginia, for Appellant. Neil H. MacBride, United
States Attorney, Jason H. Poole, Sarah Roque, Special Assistant
United States Attorneys, Alexandria, Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Erme Eliseo Pacheco Mayen pleaded guilty to illegal reentry of a deported alien who was an aggravated felon and received a fifty-one-month sentence. On appeal, Mayen argues that the district court erred in failing to rule on an objection to the Government's refusal to move for a third level of reduction under U.S. Sentencing Guidelines Manual § 3E1.1 (2009) and that his sentence is procedurally unreasonable because the court did not sufficiently explain the basis for the sentence imposed. We find no error in the proceeding regarding the additional reduction for acceptance of responsibility, but agree that the sentence is procedurally unreasonable and remand for resentencing.

Mayen argues that the district court failed to rule on his objection to the Government's refusal to move for a third point of reduction for acceptance of responsibility. He contends that he was prejudiced by the court's failure because, if the challenge was successful, the Sentencing Guidelines range would have been 46 to 57 months, instead of the advisory 51-63 month range. The Government argues that Mayen conceded his original position and withdrew his objection at sentencing; therefore there was no outstanding objection on which to rule. Even if the objection was preserved, the Government argues that the issue was not reasonably in dispute because counsel did not

2

contend that the Government's discretionary decision was improper.

Here, Mayen did not raise any challenge based on improper motive to the Government's discretionary decision not to move for the third level of reduction. The district court may require that the Government file for a reduction under USSG § 3E1.1(b) when its refusal to do so is based on an unconstitutional motive. United States v. Chase, 466 F.3d 310, 315 n.4 (4th Cir. 2006). Mayen did not allege such a motive, nor does one appear on the record. Thus, any error by the district court in failing to specifically rule on the objection was harmless.

Next, counsel asserts that the district court did not adequately consider the mitigating issues raised by Mayen before imposing sentence. After United States v. Booker, 543 U.S. 220 (2005), we review a sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir.), cert. denied, 129 S. Ct. 476 (2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting

a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

"[I]f a party repeats on appeal a claim of procedural sentencing error . . . which it has made before the district court, [this court] review[s] for abuse of discretion" and will reverse if such an abuse of discretion is found unless the court can conclude "that the error was harmless." United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). For instance, "the district court must state in open court the particular reasons supporting its chosen sentence [and] set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal citations and quotation marks omitted). If "an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation" by drawing arguments from § 3553 "for a sentence different than the one ultimately imposed," the party sufficiently "preserves its claim." Lynn, 592 F.3d at 578. When counsel requests a sentence at the bottom of the Guidelines range or below, the error is preserved. Id. at 581. In a post-Lynn case, United States v. Thompson, 595 F.3d 544 (4th

4

Cir. 2010), the court explained that "a defendant need only ask for a sentence outside the range calculated by the court prior to sentencing in order to preserve his claim for appellate review." 595 F.3d at 546.

We conclude that, under Lynn and Thompson, Mayen's arguments in the district court for a below-Guidelines range sentence preserved his claim of procedural sentencing error on appeal. Lynn, 592 F.3d at 581; Thompson, 595 F.3d at 546. Therefore, we review any procedural sentencing error for abuse of discretion and reverse unless the error was harmless. Id. at 579.

The district court erred because it failed to explain why it imposed the chosen sentence. See Lynn, 592 F.3d at 581-82. The court merely stated that it took into account the § 3553(a) sentencing factors and the Guidelines range. It did not address the mitigating factors raised by Mayen, nor provide any other reason for choosing the sentence imposed. We cannot presume that the district court simply adopted the Government's arguments. The error was not harmless because the district court's lack of explanation for imposing this sentence resulted in "a record insufficient to permit even routine review for substantive reasonableness." Id. at 582 (citation and quotation marks omitted).

We therefore vacate the sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>